United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION TRADING COMPANY, INC., | No. 11-MISC-80062-CRB (EDL) |
| Plaintiff, | **ORDER GRANTING MOTION TO QUASH THIRD PARTY SUBPOENA TO YAHOO!** |
| v. | |
| DOES 1 through 100, | |
| Defendants. | |

On March 22, 2011, Mission Trading filed a "Request to Issue Attached Subpoenas" and listed itself as "Plaintiff" and "DOE Defendants 1-100" as "Defendants." Dkt. #1. The Request was assigned a miscellaneous case number despite the fact that no complaint relating to the subpoenas was filed or pending in any district, and subpoenas were issued to Google, MSN Hotmail, CableVision, AOL, Charter Communications, Verizon, Performanceix, and Yahoo!. Dkt. #2. The subpoena to Yahoo! asked for the: "Identity, IP addresses and access logs associated with mtcparts@ymail.com, hallclark77@yahoo.com, charlesgibsonloans@yahoo.com, and partsncarry@yahoo.com; copies of all electronic messages sent and received from said email addresses and any other email addresses associated with the IP addresses used to access these accounts." Kapoor Decl. Ex. 1. On April 8, Yahoo! notified partscarry@yahoo.com (hereinafter "Partsncarry") of the subpoena directed to it that required production by April 13, and told Partsncarry to contact Mission Trading for a copy of the subpoena. Touchstone Decl. ¶ 2. Yahoo! also informed Partsncarry that it would need to file an Objection or Motion to Quash to halt

production of the requested documents. Id. ¶ 4.

Partsncarry checked PACER to see if there was any active case involving Mission Trading, and located this miscellaneous matter in which no complaint had been filed. Id. Partsncarry left a message for Mission Trading regarding the subpoena on April 8, but claims that it did not receive a callback until April 13. Id. ¶ 3. In contrast, Mission Trading claims to have called back on April 8 and left a message. Kapoor Decl. ¶ 10. Without a copy of the subpoena or any complaint on file, Partsncarry filed its Objection  (which THE Court construes as a Motion to Quash Subpoena) on April 11. Touchstone Decl. ¶ 5. Partsncarry objected on grounds that:

1) No complaint is on file and no defendants have been named, so the subpoena is vague, ambiguous, overbroad, burdensome, oppressive and harassing;

2) Partsncarry was not served with a copy of the subpoena and therefore cannot determine the purpose or scope of the subpoena;

3) The subpoena purports to impose requirements beyond those permitted by the Federal Rules of Civil Procedure; and

4) The subpoena violates Partsncarry's right to privacy, could cause production of privileged documents or proprietary and confidential business records or trade secrets, and is overbroad to the extent it contains no time limits or subject matter limitations.

On April 12, Yahoo! informed Mission Trading that it would not respond to the subpoena until it receives notice that the motion to quash is denied or production is otherwise ordered. Kapoor Decl. Ex. 2. On April 13, Mission Trading responded to Partsncarry's message and emailed a copy of the subpoena. Touchstone Decl. ¶ 6. On April 26, Mission Trading filed an opposition to Partsncarry's Objection. Dkt. #5-6.  Mission Trading's Opposition makes a number of arguments, but fails to address Partsncarry's first, dispositive objection – that there is no underlying complaint on file anywhere that would support the subpoena. Mission Trading admits that "[p]resently there is no pending litigation," but attempts to equate its subpoena to early discovery requests to obtain the identity of a defendant, which are allowed in some circumstances.  However, it cites no authority that would allow a subpoena to issue prior to a complaint even being filed. Partsncarry persuasively points out that the cases Mission Trading cites for early discovery all relate to cases where a

2

1  complaint was already on file. See, e.g., Solarbridge Tech. v. John Doe, 2010 U.S. Dist. LEXIS
2  97508, *3-6 (N.D. Cal. 2010); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275-
3  277 (N.D. Cal. 2002); Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573 (N.D. Cal. 1999).
4  Without a complaint on file, the Court cannot determine whether the complaint will withstand a
5  motion to dismiss and whether the Court has jurisdiction, both prerequisites for allowing early
6  discovery. See Solarbridge Tech., 2010 U.S. Dist. LEXIS 97508, *4. The motion is GRANTED,
7  and the subpoena is quashed on this basis alone.[1]

8  Mission Trading argues that Partsncarry lacks standing to challenge the subpoena to Yahoo!
9  Ordinarily, a party does not have standing to seek to quash a subpoena issued to a non-party to the
10 litigation unless the party claims some personal right or privilege to the documents sought. Crispin
11 v. Christian Audiger, Inc. 717 F. Supp.2d 965, 973-74 (C.D. Cal. 2010).  In Crispin, the court found
12 that the plaintiff had standing to attack subpoenas to Media Temple, Facebook and Myspace because
13 he had a personal right to the information. Id. at 974. In Chasten v. Franklin, the Northern District
14 followed Crispin, holding that parties have personal rights with respect to emails in their personal
15 accounts. 2010 WL 4065606 at *2 (N.D. Cal.). Based on these cases, Partsncarry has standing to
16 challenge the subpoena to non-party Yahoo! seeking production of its emails.[2]

17 Mission Trading also argues that Partsncarry has not articulated a basis for its privacy,
18 privilege, confidential trade secret, relevance, and overbreadth objections. It ignores the fact that
19 Partsncarry did not even have a copy of the subpoena at the time it was forced to file its objections to
20 prevent disclosure by Yahoo!, and no complaint is on file that would give it any indication of what
21 Mission Trading's claims actually are. The Court need not reach these objections because the
22 subpoena is improper and should be quashed based on the fact that it is not tethered to any complaint
23 //

---

[1] In a footnote, Partsncarry also mentions that the subpoena violates the Stored Communications Act ("SCA"), 18 U.S.C. § 2701-2712. See Theofel v. Farley-Jones, 359 F.3d 1066, 1075-76 (9th Cir. 2003) (email messages stored on an internet service provider's servers were clearly within the purview of the ECPA and finding subpoena invalid because it sought information barred from disclosure by the ECPA). The subpoena may be invalid for this reason as well.

[2] After Partsncarry filed its reply, Mission Trading filed an unauthorized "Notice of Filing of Letter" which is stricken.

United States District Court
For the Northern District of California

on file in this or any district.

**IT IS SO ORDERED.**

Dated: May _16_, 2011

                                        ELIZABETH D. LAPORTE
                                        United States Magistrate Judge